**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GEORGE KARAS,                          ) NO. ED CV 16-1960-DMG(E)
                                       )
              Plaintiff,               )
                                       )
        v.                             ) ORDER DISMISSING COMPLAINT
                                       )
MR. ORRY MARCIANO and                  ) WITH LEAVE TO AMEND
MS. BEATRES,                           )
                                       )
              Defendants.              )
_____)


     For the reasons set forth below, the Complaint is dismissed with

leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).


                **BACKGROUND AND SUMMARY OF PLEADED ALLEGATIONS**


     Plaintiff, a state prisoner, brings this civil rights action

against physician assistant Orry Marciano ("Marciano") and licensed

vocational nurse Beatres ("Beatres").  Plaintiff alleges that "because

of overcrowding we cannot get the proper [medical] treatment . . ."

(Complaint at 5).  Plaintiff alleges that Marciano "prescribed strange

medicine," assertedly causing Plaintiff to "become worse and

deteriorated" (id.).  Plaintiff alleges that Beatres has failed to manifest "any compassion as a nurse," is "always mad at you even yelling sometimes" (id.).

**DISCUSSION**

Plaintiff cannot seek relief for harm allegedly suffered by prisoners other than himself.  Plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others."  Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972). A pro se plaintiff may not represent anyone other than himself or herself.  See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Moreover, a pending class action addresses the alleged impact of overcrowding on the medical care provided in California state prisons. See consolidated cases Coleman v. Brown case No. 2:90-CV-00520-LKK-DAD and Plata v. Brown, case No. 3:01-CV-01351-THE ("Plata").  "[A] district court may decline to exercise its jurisdiction over a California prisoner's claim seeking *systemic* injunctive relief related to medical care where the allegations and relief sought are duplicative of *Plata*."  Pride v. Correa, 719 F.3d 1130, 1137 (9th Cir. 2013); see Lopez v. Ndoh, 2016 WL 3418432, at *2 (E.D. Cal. June 22, 2016).

Notwithstanding Plata, a prisoner may seek relief for claims related solely to his or her own individual medical care and treatment

1  needs.  See Pride v. Correa, 719 F.3d at 1132, 1138-39.  However, as
2  discussed below, Plaintiff's Complaint fails to state any such claim.
3
4      Prison officials can violate the Constitution if they are
5  "deliberately indifferent" to a prisoner's serious medical needs.  See
6  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429
7  U.S. 97, 104 (1976).  To be liable for "deliberate indifference," a
8  prison official must "both be aware of facts from which the inference
9  could be drawn that a substantial risk of serious harm exists, and he
10 must also draw the inference."  Farmer v. Brennan, 511 U.S. at 837.
11 "[A]n official's failure to alleviate a significant risk that he
12 should have perceived but did not, while no cause for commendation,
13 cannot . . . be condemned as the infliction of punishment."  Id. at
14 838.  Allegations of negligence do not suffice.  Estelle v. Gamble,
15 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
16 2000).  Thus, inadequate treatment due to accident, mistake,
17 inadvertence, or even gross negligence does not amount to a
18 constitutional violation.  Estelle v. Gamble, 429 U.S. at 105-06;
19 Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  "[A]n
20 official's failure to alleviate a significant risk that he should have
21 perceived but did not, while no cause for commendation, cannot . . .
22 be condemned as the infliction of punishment."  Farmer v. Brennan, 511
23 U.S. at 838.
24
25     Plaintiff's Complaint fails to allege any facts plausibly
26 demonstrating that either Defendant was subjectively aware of a
27 substantial risk of serious harm to Plaintiff and was deliberately
28 indifferent to that risk.  See Franklin v. State of Oregon, State

3

Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a § 1983 claim."). Indeed, the Complaint fails to allege facts demonstrating even the existence of any substantial risk of serious harm to Plaintiff.

Plaintiff's allegations that Beatres yells, "is always mad" and fails to manifest compassion do not state a claim on which relief may be granted. Rudeness and verbal harassment do not violate a prisoner's constitutional rights. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (alleged "disrespectful and assaultive comments" insufficient); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment insufficient); Pearson v. Prison Health Service, 2015 WL 9255567, at *2 (W.D. Pa. Dec. 18, 2015) ("To confuse Nurse Rhodes' alleged bad bedside manner with indifference to a serious medical need would make any assertion of discourtesy unaccompanied by evidence that it caused any injury into an Eighth Amendment jury question. That is not the law."); White v. Missouri, 2007 WL 689745, at *6 (E.D. Mo. March 2, 2007) ("While taunting a prisoner is inappropriate bedside manner, it is not an Eighth Amendment violation").

**ORDER**

For all of the foregoing reasons, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall

be complete in itself.  It shall not refer in any manner to any prior complaint or to any other document.  The First Amended Complaint shall not add any new Defendants without leave of Court.  Failure to file a timely First Amended Complaint in conformity with this Order may result in the dismissal of this action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1   the substantive problems with his claims); <u>Plumeau v. School District</u>

2   <u>#40, County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of

3   leave to amend appropriate where further amendment would be futile).

4

5        IT IS SO ORDERED.

6

7   DATED: September 26, 2016

8

9                                 _____

10                                      DOLLY M. GEE
                                  UNITED STATES DISTRICT JUDGE

11

12  Presented this 22nd

13  day of September, 2016, by:

14

15  _____
              /S/
16        CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28